■ CITIBANK, N. A., Respondent, v CARLOS P. PORTES et al., Appellants. [700 NYS2d 828] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered May 18, 1999, which, insofar as appealed from, denied defendants' motion to vacate a prior order, same court and Justice, entered April 27, 1999, granting, on defendants' default, plaintiff bank's motion for summary judgment, directing entry of judgment against defendants in the amount of an overdraft on defendant Mega Management's bank account with plaintiff, and severing plaintiff's claims for attorneys' fees and punitive damages for an inquest, and judgment, same court and Justice, entered April 30, 1999, in favor of plaintiff and against defendants,

pursuant to the order of April 27, 1999, unanimously modified, on the law, the facts, and in the exercise of discretion, to grant defendants' motion to the extent of vacating so much of the order of April 27, 1999 as granted plaintiff summary judgment holding defendants liable for plaintiff's attorneys' fees and directed an inquest to determine the amount thereof, and otherwise affirmed, without costs.

Defendants failed to show either an excuse for their defaults in responding to plaintiff's motion for summary judgment or a meritorious defense to the complaint insofar as it seeks to recover the amount of an overdraft on defendant Mega's account, which overdraft allegedly arose from an apparent check-kiting scheme perpetrated by defendants. However, we discern no basis for an award of attorneys' fees (see, Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22), and modify accordingly. Concur—Sullivan, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.